UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-cv-16-GNS

**RHONDA PIERCE AND WILLIAM**
**RUSSELBURG**                                                                                        **PLAINTIFFS**

**V.**

**CHANTEL GANDY AND BUBBA GANDY**
**SEAFOOD CAJUN X MARKET LLC**                                            **DEFENDANTS**

### ANSWER AND COUNTERCLAIM OF DEFENDANTS

Defendants, Chantel Gandy ("Chantel") and Bubba Gandy Seafood Cajun X Market LLC ("Gandy Seafood") (together, the "Defendants"), file this Answer and Counterclaim to Plaintiffs' Complaint.

### ANSWER

For their Answer, Defendants state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

Defendants plead the applicable statutes of limitations as a bar to Plaintiffs' Complaint.

### THIRD DEFENSE

Defendants plead Plaintiffs failure to mitigate damages as a defense to the Complaint.

### FOURTH DEFENSE

Defendants affirmatively plead waiver and estoppel as defenses to the Complaint.

**FIFTH DEFENSE**

Defendants affirmatively plead Section 6 of the Trademark License Agreement attached as part of Exhibit A to the Complaint as a total defense to any and all claims related to any alleged failure to supply products to Plaintiffs.

**SIXTH DEFENSE**

Defendants affirmatively plead that any alleged misrepresentations of either Defendant, which Defendants deny making, does not relate to an existing or past fact, but instead to a future promise to perform, which is not actionable.

**SEVENTH DEFENSE**

Defendants affirmatively plead that any alleged misrepresentations of either Defendant, which Defendants deny making, were not those of material fact, and Plaintiffs could not have reasonably relied on any such statements.

**EIGHTH DEFENSE**

Defendants affirmatively plead that Plaintiffs cannot prove any damages they sustained as a result of any alleged breach of contract, misrepresentation or fraud by Defendants.

**NINETH DEFENSE**

Defendants affirmatively plead that they did not supply false information for the guidance of Plaintiffs in any of their business transactions.

**TENTH DEFENSE**

Defendants affirmatively plead the doctrine of election of remedies.

**ELEVENTH DEFENSE**

Defendants affirmatively plead KRS 411.184 and KRS 411.186 as defenses to the Complaint.

## TWELVTH DEFENSE

Defendants affirmatively plead setoff as a defense to the Complaint.

## THIRTEENTH DEFENSE

Plaintiffs Rhonda Pierce and William Russelburg have no standing to assert any claims against the Defendants.  The party to the relevant agreements with Gandy Seafood, Captain's Call LLC, has been dissolved, and therefore it lacks the capacity to assert any claim against Defendants.

## FOURTEENTH DEFENSE

Plaintiffs have no claims against Chantel Gandy in her individual capacity, and Chantel Gandy should be dismissed from this lawsuit.

## FIFTEENTH DEFENSE

1. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore deny same.

2. Defendants deny the allegations in paragraph 2 of the Complaint, except that Defendants admit that Gandy Seafood executed the agreements attached as Exhibit A to the Complaint.

3. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore deny same.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in the first and third sentences of paragraph 5 of the Complaint.  Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in the second sentence of paragraph 5 and therefore deny same.

6. In response to paragraph 6, Defendants state that the documents attached as Exhibit A to the Complaint speak for themselves and Defendants deny any allegations in paragraph 6 that are inconsistent with or in addition to the clear language of those documents.

7. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of paragraph 7, and therefore deny same. Defendants admit that Gandy Seafood received "royalty fees" totaling $81,450.00 but deny that Gandy Seafood was paid all royalty fees through July 2023. Defendants deny the final sentence of paragraph 7.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint except to state that the communications from Gandy Seafood attached to the Complaint as Exhibit B speak for themselves. Defendants further state that Plaintiffs never notified Defendants of any issue with Gandy Seafood's cessation of delivery services.

10. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 10, and therefore deny same.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint, except Defendants state that the documents attached as Exhibit B to the Complaint speak for themselves.

13. In response to paragraph 13 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1 – 12 of the Complaint.

14. The first sentence of paragraph 14 contains a statement of law, to which no response is required, and to the extent a response may be required, Defendants deny those allegations. Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, Defendants incorporate by reference as if set forth fully herein their responses to paragraph 1 – 15 of the Complaint.

17. Paragraph 17 of the Complaint contains a statement of law to which no response is required, and to the extent a response may be required, Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Defendants incorporate by reference as if set forth fully herein their responses to paragraphs 1 -19 of the Complaint.

21. The first sentence of paragraph 21 of the Complaint contains statements of law to which no response is required and to the extent a response may be required, Defendants deny those allegations. Defendants deny the remaining allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains Plaintiffs' prayer for relief, to which no response is required, and to the extent a response is required, Defendants deny the allegations in paragraph 22 of the Complaint, and Defendants further deny any allegation in the Complaint not specifically admitted herein.

WHEREFORE, Defendants having answered, pray that Plaintiffs' Complaint be dismissed, with prejudice, that Defendants recover their reasonable attorney fees and costs

incurred herein, that Defendants have a trial by jury on all issues so triable, and that Defendants have all further relief to which they are entitled.

## COUNTERCLAIM

Defendant Gandy Seafood, for its Counterclaim against Plaintiffs, states as follows:

1. Gandy Seafood is a Tennessee limited liability company with a principal address of 2525 Keith Drive, Columbia, Tennessee 38401-4364.

2. Captain's Call, LLC ("Captain's Call"), is a Kentucky limited liability company with a principal address of 3600 Frederica Street, Owensboro, Kentucky 42301. According to the Kentucky Secretary of State's records, Captain's Call voluntarily dissolved July 31, 2023.

3. Plaintiffs Rhonda Pierce and Billy William (a/k/a Billy) Russelburg are residents of Daviess County, Kentucky, and, upon information and belief, Ms. Pierce and Mr. Russelburg were the sole members of Captain's Call.

## COUNT I – BREACH OF CONTRACT

4. On January 2, 2019, Captain's Call, as "Licensee", and Pierce and Russelburg, as "Principals", executed a Trademark License Agreement (the "Agreement") with Gandy Seafood, a copy of which was attached as part of Exhibit A to the Complaint and is incorporated by reference as if set forth fully herein.

5. Pursuant to Section 2, the Agreement provided for a term of five years running from January 2, 2019 to January 1, 2024.

6. Pursuant to Section 1 of the Agreement, Gandy Seafood granted to Captain's Call an exclusive, non-transferable license to use the trademark and/or service mark and/or trade name "BUBBA GANDY SEAFOOD CAJUN MARKET" in Daviess County, Kentucky.

7. Pursuant to paragraph 3, in consideration of the Licensee's use of the name "BUBBA GANDY SEAFOOD CAJUN MARKET", Plaintiffs were obligated to pay to Gandy Seafood a royalty fee of $450.00 per week until termination of the Agreement.

8. Beginning January 2, 2019, Plaintiffs used the name "BUBBA GANDY SEAFOOD CAJUN MARKET" for their store located in Owensboro, Daviess County, Kentucky that sold fresh seafood products and related soups, dips, spices, frozen Cajun products, and other food products.

9. Plaintiffs never provided written notice to Gandy Seafood of any intent to terminate the Agreement, and Plaintiffs never terminated the Agreement. Therefore, the Agreement continued in effect until its termination date of January 1, 2024.

10. Plaintiffs failed to pay the $450.00 weekly royalty fee from July 2022 through January 1, 2024. Plaintiffs owe Gandy Seafood the sum of $36,900.00 in delinquent royalty fees, plus interest thereon at the legal rate.

## COUNT II – UNJUST ENRICHMENT

11. Gandy Seafood incorporates by reference as if set forth fully herein paragraphs 1-10 of the Counterclaim.

12. From July 2022 to January 1, 2024, Plaintiffs received and benefited from the right to use the Gandy Seafood's trade name "BUBBA GANDY SEAFOOD CAJUN MARKET" in Daviess County, Kentucky, and did not compensate Gandy Seafood for their use of this name.

13. Plaintiffs have received the benefit from the use of the name "BUBBA GANDY SEAFOOD CAJUN MARKET" to the detriment of Gandy Seafood, and it would be unjust for Plaintiffs to retain this benefit without payment to Gandy Seafood.

14. As a direct and proximate result, Gandy Seafood has been damaged in an amount of $36,900.00, plus interest thereon at the legal rate.

WHEREFORE, Gandy Seafood prays for judgment against the Plaintiffs in the amount of $36,900, plus prejudgment interest at the legal rate, Defendants' reasonable attorney fees and costs, and all other relief to which Defendants are entitled.

SULLIVAN MOUNTJOY, PSC

/s/ R. Michael Sullivan
R. Michael Sullivan
608 Frederica Street, Suite 201
Owensboro, KY 42301
(270) 926-4000 - office
(270) 683-6694 - facsimile
msullivan@smlegal.com - email
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed on February 6, 2024, with the clerk of the court by using CM/ECF system, which will send a notice of electronic filing to the following:

Chukwuma J. Obiechefu, Esq.
401 W. Main Street, Suite 2020
Louisville, KY 40202
chuk@obilawgroup.com
*Counsel for Plaintiffs*

/s/ R. Michael Sullivan
R. Michael Sullivan